**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Nelson Robles,

*Plaintiff,*

-against-

Ava Ava Bar & Grill LLC, and Carlton Bryan,

*Defendants,*

Civil Action No.

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff Nelson Robles ("Plaintiff"), brings this action for damages and other legal and equitable relief against Defendants Ava Ava Bar & Grill LLC ("Defendant" or "Ava") and Carlton Bryan ("Bryan" and together with Ava, the "Defendants") upon personal knowledge as to himself and upon information and belief as to others, for violations of New York State Labor Law ("NYLL"), Fair Labor Standards Act ("FLSA"), and any other causes of action that can be inferred from the facts set forth herein:

1.      This lawsuit seeks to recover damages and other expenses for violations of state and federal overtime and minimum wage law; state law for untimely wage payments; state federal, common law, and equitable relief for unpaid back wages, breach of contract, and unjust enrichment; state law concerning failure to reimburse expenses; and state law concerning failure to provide accurate wage notices.

2.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3.      Defendants Ava Ava Bar & Grill LLC and Carlton Bryan are subject to personal jurisdiction in New York as they do business in New York.

1

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## PARTIES

5.      Plaintiff Nelson Robles is an adult, over eighteen years old, a citizen of New York State and resides in Westchester County.

6.      Plaintiff was, throughout his entire employment with Defendant, a covered, non-exempt employee within the meaning of the NYLL.  As such, Plaintiff was, and is, entitled to be paid in full for all hours worked.

7.      Defendant Ava Ava Bar & Grill LLC is a domestic limited liability corporation, formed in Bronx County and organized and existing under the laws of the State of New York, with a service of process address of 840 East 222nd Street, Bronx, New York 10467.

8.      Defendant Carlton Bryan is an adult, over eighteen years old, a citizen of New York and resides in Bronx County.

9.      Defendants are considered a large employer, having at least eleven (11) or more employees during the duration of Plaintiff's employment.

10.      Defendants maintained control, oversight, and direction over Plaintiff in regards to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

11.      Defendants, by virtue of ownership, management, and control over the wages and work of Plaintiff, are considered an employer under the NYLL §190(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

12.     Plaintiff Nelson Robles was employed by Defendant from around December 2020 to May 22, 2022.

13.     During his employment, Plaintiff worked at Defendant's Westchester County bar and restaurant called Ava Ava Bar & Grill, which is located at 15 Division Street, New Rochelle, NY 10801.

14.     Plaintiff's first period of employment began in December 2020 and lasted until April 2021.  During this Period, Plaintiff worked for Defendants approximately 25 hours per week cleaning and renovating the Defendants' restaurant kitchen and making general preparations for the opening of Defendants' restaurant.

15.     Defendants did not pay Plaintiff wages of any kind during this period.

16.     However, during this first period of employment Defendant Carlton Bryan promised Plaintiff 5% of his restaurant's gross revenue in exchange for his efforts to open the restaurant, and his labor and continued involvement in the restaurant, including sharing his personal recipes.

17.     At no time did Defendants ever pay Plaintiff the agreed upon 5% of their restaurant's gross revenue.

18.     During Plaintiff's second period of employment he worked as a chef for the now operating restaurant.

19.     This period was from April 2021 to February 2022, and Plaintiff worked alongside a limited kitchen staff including one other chef and a prep person.

20.     During this period, Plaintiff spent more than 60% of his time cooking.  The remainder of his time was primarily spent "expediting" orders by making sure customers'

orders were acted upon and served as quickly as possible as well as performing quality control; and cleaning and organizing the restaurant.

21.     The expediting role was a separate role that a restaurant would usually employ and individual for but due to short staffing this restaurant did not do so.

22.     During Plaintiff's third period of employment, from February 2022 to May 2022 when Defendants' restaurant had hired more cooking staff, Plaintiff spent approximately 40% of his time physically cooking, 15% of his time expediting orders and performing quality control, 10% of his time doing inventory of food items and cleaning supplies, 10% of his time preparing the cooking line and prep stations, 10% of his time performing general cleaning and organizational tasks necessary to open and close the restaurant, and 5% of the time creating schedules for the kitchen staff, and 10% of his time teaching his personal recipes to the other members of the cooking staff.

23.     Defendants paid Plaintiff electronically via Zelle on a weekly basis at the flat rate of $800 per week during the second and third periods of employment.  However, Defendants did not pay Plaintiff consistently, and he frequently had to wait a week or more to be paid.  On approximately two occasions, Plaintiff had to wait 4-5 weeks to be paid.  And Defendants failed to pay Plaintiff at all for the last four weeks of his employment, one of which was a week of paid vacation as Plaintiff and Defendants agreed he would be entitled to at the beginning of his employment.  This amount totals $3200 in unpaid weekly wages, plus additional amounts to compensate for the required overtime premium.

24.     During the second and third period of the employment, Plaintiff worked from 2 pm to 12 midnight six days per week, working an average of 60 hours per week.

25.     Defendants never paid Plaintiff overtime pay at the required rate of time and

one-half for each hour he worked in excess of 40 hours each week.

26.     Plaintiff was not an exempt employee because his work duties did not meet the requirements for any exemption.

27.     Defendants never informed Plaintiff of New York or federal minimum wage or overtime regulations.

28.     Defendants never provided Plaintiff pay stubs.

29.     During his employment Plaintiff purchased approximately $3,000 of necessary kitchen supplies and equipment out of his own pocket to stock the kitchen at Defendant's restaurant.

30.     Defendants never reimbursed Plaintiff for these kitchen expenses, effectively taking an illegal pay deduction from Plaintiff's wages in violation of New York Labor Law.

## STATEMENT OF CLAIMS

### COUNT I: FLSA - Failure to Pay Minimum Wages for Hours Worked

31.     Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

32.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33.     Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

35.     Upon information and belief, at all relevant times, Defendants have had gross

revenues in excess of $500,000.

36.     Plaintiff was entitled to be paid at a level at or above minimum wage for all hours worked.

37.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at all for approximately four months at the beginning of his employment and three weeks at the end of his employment.

38.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

39.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

40.     Due to the reckless, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages, an equal amount as liquidated damages, and prejudgment interest thereon.

41.     Plaintiff is entitled to an award of his reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II: FLSA – Overtime Pay**

42.     Plaintiff realleges and reavers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

43.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44.     Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

46.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

47.     Plaintiff was entitled to be paid at the regular rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

48.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

49.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

50.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff.

51.     Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

52.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

53.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

54.     Due to the reckless, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

55.     Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT III: NYLL - Failure to Pay Minimum Wage, Overtime, and Spread of Hours**

56.     Plaintiff realleges and reavers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

57.     At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

58.     Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay Plaintiff the minimum wages and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

59.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.

60.     Defendants knowingly and willingly violated the rights of Plaintiff by failing to pay "spread of hours" premium to Plaintiff for each day he worked in excess of ten (10) hours.

61.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the NYLL.

62.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly wage rate, the wages paid to all employees, and other similar information in contravention of the New York Labor Law § 661.

63.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations.

64.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor Law.  The deficiency accounts for regular rates for all straight time hours, overtime compensations for all overtime hours, "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

65.     Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and liquidated damages pursuant to the New York State Wage Theft Prevention Act.

**COUNT IV: NYLL -  Failure to Provide Annual Wage Notice and Periodic Wage Statements**

66.     Plaintiff realleges and reavers each and every allegation and statement contained in paragraphs above this Complaint as if fully set forth herein.

67.     Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), containing Plaintiff's rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, hourly rate or

rates of pay and overtime rate or rates of pay if applicable, the regular pay designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer, the physical address of the employer's main office or principal place of business; and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

68.     Through Defendants' knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

69.     Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6 § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions, and net wages.

70.     Through Defendants' knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

71.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

72.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff

is entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants

failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars

each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by

NYLL, Article 6, § 198(1-d).

## COUNT V: NYLL - Failure to Make Timely Wage Payment

73.      Plaintiff repeats and realleges all paragraphs above as though set forth fully

herein.

74.      Defendants did not pay Plaintiff on a regular weekly basis, in violation of

NYLL §191.

75.      Defendants are liable to each Plaintiff in an amount to be determined at trial.

## COUNT VI: NYLL - Failure to Reimburse Expenses

76.      Plaintiff realleges and reavers each and every allegation and statement

contained in paragraphs above of this Complaint as if fully set forth herein.

77.      Defendants' failure to reimburse Plaintiff for approximately $3,000 in out of

pocket expenses Plaintiff incurred while purchasing necessary kitchen supplies and equipment

as Kitchen Manager for Defendants' restaurant constitute an unauthorized deduction from

wages prohibited by NYLL § 193.

78.      Plaintiff is entitled to compensatory and liquidated damages pursuant to

NYLL.

## COUNT VII: Breach of Contract for Failure to Pay Agreed Upon Wages

79.      Plaintiff realleges and re-avers each and every allegation and statement

contained in paragraphs above of this Complaint as if fully set forth herein.

80.      In December 2020 to April 2021, while Plaintiff was working 25 hours per

week for Defendants while not being paid wages of any kind, Defendants agreed to pay

Plaintiff 5% of Ava's gross revenue once the restaurant was up and running.

81.     Plaintiff's initial unpaid work for Defendants as Executive Chef and Kitchen

Manager before Ava opened in exchange for 5% of gross revenue constituted a binding contract

between the parties.

82.     Defendants' failure to pay Plaintiff 5% of gross restaurant revenue in

consideration of months of unpaid labor constituted a breach of that contract.

83.     Plaintiff's work for Defendants as an Executive Chef and Kitchen Manager at

Defendants' restaurant after it opened in exchange for earned wages constituted a binding

contract between the parties.

84.     Plaintiff's labor for three weeks at the end of his employment constituted

performance and met his obligations under the contract.

85.     Defendants' failure to pay Plaintiff his earned wages as consideration for

three weeks of performance under their binding contract constitutes a breach of that contract.

86.     Plaintiff is entitled to compensatory and liquidated damages as a result of

Defendants' breaches of contract.

**COUNT VIII: Unjust Enrichment**

87.     Plaintiff delivered services in the form of unpaid labor getting Defendants'

restaurant and its kitchen ready in advance of opening.

88.     Plaintiff worked approximately 25 hours per week from December 2020 to

April 2021 without being paid, and otherwise contributed to the start of the restaurant, including

by providing his personal recipes to be used on the restaurant's menu.

89.     Defendants promised Plaintiff 5% of Ava's gross revenue in exchange for his

labor and contributions ot the start of the restaurant.

90.        Defendants never paid Plaintiff 5% of gross revenue despite benefiting from Plaintiff's unpaid labor and contributions ot the start of the restaurant.

91.        Plaintiff is entitled to recover from Defendants the fair value of his services and contributions to the business.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, respectfully requests that this Court grant the following relief:

A.  Compensatory damages including for, unpaid minimum wage, unpaid overtime, unpaid spread of hours pay, and unpaid wages in the form of illegal deductions.

B.  Liquidated damages permitted by law pursuant to the NYLL;

C.  Statutory penalties in the amount of $10,000 for failure to provide proper wage notices and wage statement;

D.  Compensatory and equitable damages for Plaintiff's breach of contract claim in the amount of 5% of the gross revenue during the period in question;

E.  Prejudgment and post-judgment interest on all amounts;

F.  Reasonable attorneys' fees and costs of the action as a prevailing party under theFLSA and/or  New York Labor Law and its enacting regulations; and

G.  Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Pursuant to FRCP 38 Plaintiff demands trial by jury on all issues.

Dated: New York, New York
        August 16, 2022

13

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat, Esq.
675 Third Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff and*